John E. Hoover v. Commissioner.
Hoover v. Commissioner
Docket No. 6261.
United States Tax Court
1945 Tax Ct. Memo LEXIS 167; 4 T.C.M. (CCH) 593; T.C.M. (RIA) 45193; June 8, 1945
*167 Robert A. Littleton, Esq., 1021 Tower Bldg., Washington, D.C., for the petitioner. Elmer L. Corbin, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This proceeding involves an income tax deficiency for 1941 of $12,383.31 and a fraud penalty of $6,230.06. The respondent has determined that petitioner realized a profit in that year from the sale of real estate of $41,620.44, which he fraudulently omitted from his return with intent to evade tax. [The Facts] The petitioner is a resident of the District of Columbia and filed his income tax return for 1941 with the collector of internal revenue at Baltimore, Md. In July, 1927, the petitioner and his brother, George P. Hoover, purchased jointly a tract of unimproved real estate consisting of approximately 48.1 acres in Prince Georges County, Md., in what is now the town of Mt. Ranier, for a consideration of $38,100. Each undertook to pay one-half of the purchase price. For his interest petitioner assumed one-half of a mortgage of $25,000 and paid the balance in cash. He obtained most of the cash from a loan of $4,000 on three life insurance policies, a loan of $2,500 on a second mortgage on his *168 home on Kalorama Road, D.C., and a mortgage loan on the purchased property of $25,000, of which his half was $12,500. Petitioner and his brother sold the property on May 1, 1941, for $216,436.50, which was paid, $175,000 in cash and $41,436.50 in two promissory notes due three years from date. The notes were secured by a first mortgage on a portion of the property sold. The respondent has determined that petitioner realized a long-term capital gain on the transaction of $41,620.44 computed as follows: Petitioner's share - Sales price
$108,218.25
Condemnation Award
603.98
Total received in 1941
$108,822.23
Cost
$18,667.25
Special Assessment
1,498.31
Commissions
5,410.91
Photostats
1.50
Notice for Rezoning Hearing
3.00
Release of Mortgage
.38
25,581.35
Total Profit
$ 83,240.88
1/2 taxable
$ 41,620.44
The respondent now concedes that the above computation is erroneous in that it uses as the original purchase price of the property $37,100. instead of $38,100, and that petitioner's taxable gain is therefore $41,370.44. In settlement of the sale of the property a dispute arose between petitioner and his brothers as to the division *169 of the proceeds of the sale. Being notified of the disagreement, and the impending litigation between them, the settlement agent, The District Title Insurance Co., et al., impounded $30,000 of the funds and distributed to petitioner and his brother each $52,016.77 cash and a purchase money note for $20,718.25. Petitioner received a check from the Title Co. for $52,016.77 dated June 3, 1941. The litigation between the petitioner and his brother was terminated adversely to petitioner in July, 1943, and petitioner never received any of the impounded funds. That dispute was based upon various claims and counterclaims of the parties for services which each claimed to have performed on behalf of, or for the benefit of, the other in matters pertaining to the acquisition, management or sale of the property. Petitioner did not report any of his gain from the sale of the property in his income tax return for 1941. The gross income reported consisted of salary of $3,000 and interest of $414.36. Petitioner testified that his reason for failure to report any of his gain from the sale was that he could not tell what his profit would be until settlement of the litigation with his brother; that *170 he was advised by a clerk who was aiding employees of the Farm Credit Administration, where he was then employed, in making out their income tax returns that he would not be required to report any gain on the transaction until that time. He further testified that he did not consider that he had made any profit on the sale of the property because the interest, taxes, and various other "carrying charges," plus the original purchase price, amounted to more than his share of the proceeds of the sale. Petitioner is a lawyer by profession. He is now 67 years of age and is a retired Government employee. During his career he served as secretary to several of the Supreme Court Justices and a United States Senator, as special attorney in the Department of Justice, attorney in the General Accounting Office, and, finally, as attorney in the Farm Credit Administration, from which he retired in 1942. Several character witnesses who have known petitioner for many years testified in this proceeding as to his honesty and good reputation generally. We find on the evidence that petitioner's failure to report the gain from the sale of the real estate in question on his income tax return for 1941 *171 was due to ignorance of the law and not to fraud with intent to evade tax, within the meaning of section 293 I.R.C.
As to the computation of the gain on the real estate transaction, petitioner contends that an adjustment in the cost basis should be made for the carrying charges referred to above, consisting of taxes, interest on borrowed money, fees, commissions, etc. The evidence is that petitioner paid 6 percent on the $2,500 mortgage loan on his residence until 1935, 6 percent on two of the insurance policy loans, and 5 percent on the other, the aggregate amount of such loans being $4,000, and 6 percent on his portion of the $25,000 purchase money mortgage which was increased to $30,000 in 1931. The interest on the mortgage loan on the residence ran until 1935 and on the other loans until May 1, 1941. Petitioner's co-owner paid some of petitioner's share of the taxes and loan renewal commissions, amounting in the aggregate to $6,691.73, on which he charged petitioner interest at the rate of 6 percent from February, 1938, until July, 1943. The amount of $6,691.73, plus interest of approximately $1,800, was taken out of petitioner's share of the proceeds from *172 the sale of the property. There was an improvement assessment on the property which amounted to $2,996.22. The Commissioner's regulations, article 113(b)(1) of Regulations 101, provide that in computing gain or loss from the sale of property: The cost or other basis shall be properly adjusted for any expenditure, receipt, loss, or other item, properly chargeable to capital account, including the cost of improvements and betterments made to the property. * * * In the case of unimproved and unproductive real property, carrying charges, such as taxes and interest, which have not been taken as deductions by the taxpayer in determining net income for the taxable year, or a prior taxable year, are properly chargeable to capital account. Petitioner testified that he claimed the deduction of some of the interest and taxes in his returns for prior years but that he did not know what amounts. We do not have the returns for those years before us nor is there any other evidence from which we can make a determination as to what portion of the proper carrying charges have already been deducted by petitioner in his income tax returns and what portion may be available for adjusting the cost *173 basis. The respondent in his determination of a taxable gain of $41,620.44 allowed as additions to the original cost petitioner's half of the special assessment amounting to $1,498.31, commissions of $5,410.91, and several minor items. From the evidence of record we cannot find that any other adjustments should have been made. We therefore sustain the respondent as to his computation of the amount of petitioner's taxable gain, with the necessary adjustment for his admitted error as to the amount of the original cost. Decision will be entered under Rule 50.